UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| WAYNE R. STANLEY, JR., MARCEL HAWKINS,<br><br>       Plaintiffs,<br><br>      v.<br><br>VECTRUS, INC.,<br><br>       Defendant. | Case No. 3:16-CV-1186-BJD-PDB |

## AGENDA FOR PRELIMINARY PRETRIAL CONFERENCE

Plaintiffs Wayne R. Stanley, Jr. and Marcel Hawkins (collectively "Plaintiffs"), along with Defendant Vectrus, Inc. ("Vectrus"), hereby jointly submit their proposed Agenda for Preliminary Pretrial Conference pursuant to this Court's Order of December 15, 2016. (Dkt. No. 21 at 2 n.2.)

**I.  Discovery Status**

    A.  <u>The Parties Disagree Regarding Whether Discovery Should be Stayed</u>

On November 2, 2019, Vectrus filed a Motion to Stay discovery in this case (Dkt. No. 11) pending the Court's ruling on Vectrus' Motion to Dismiss. (Dkt. No. 7.) In its Motion to Stay, Vectrus set forth the reasons it believes discovery in this case will be complex and difficult, given the fact that the principal events related to both claims occurred on an overseas United States military base and implicate potentially classified information. Vectrus contends that a stay of discovery is appropriate in such cases. *See, e.g.*, *United States ex rel. Fay v. Northrup Grumman Corp.*, 2008 WL 877180, at *1 (D. Colo. Mar. 27, 2008).

Plaintiffs have taken the opposite stance, and object to Vectrus' request on three (3) grounds. First, as Plaintiffs argued in their opposition to Vectrus' Motion to Stay, Plaintiffs believe the nature and complexity of information at issue calls for proceeding with, rather than delaying, discovery to avoid unnecessarily case management problems and increased expenses in this case. *See Feldman v. Flood*, 175 F.R.D. 651, 652-53 (M.D. Fla. 1997). Second, although some complexity is present because a portion of relevant events occurred on an overseas U.S. military base, Plaintiffs contend that there is no more complexity here than U.S. magistrate judges handle on a regular basis for track two cases, like this one. Third, Plaintiffs submit that Vectrus has overstated the amount of classified information implicated by this case because the pertinent events occurred on a network reserved exclusively for unclassified information.

B.  Discovery Propounded Thus Far

On January 2, 2017, Plaintiffs served Vectrus with 120 Requests for Admission, copies of which are attached for the Court's reference as Exhibit A. Vectrus submits that, although it is already in possession of information required to respond to some of the requests, (*see, e.g.*, Req. No. 9, Ex. A at 7 (seeking information about Vectrus' corporate registration)), a significant number of the requests will require Vectrus to assess potentially classified information that is owned and/or controlled by the United States government. (*See, e.g.*, Req. Nos. 53-56, Ex. A at 16 (requesting confirmation of circumstances surrounding alleged unauthorized access of computer workstation)). In support of that position, Vectrus notes that it does not own the secured computer network on which Stanley's computer workstation was housed. Thus, in Vectrus' view, Vectrus may need to engage in what may turn out to be an expensive and protracted process, without guaranteed results in order to respond to requests seeking admissions regarding unauthorized access to that network.

Plaintiffs acknowledge that Vectrus does not own the network in question, but reiterate their belief that said network is reserved for unclassified information. Thus, Plaintiffs believe that Vectrus exaggerates the difficulties it would face in responding to Plaintiffs' discovery requests.

In particular, Vectrus contends that it may have to identify the appropriate government contact and submit requests pursuant to *United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ("*Touhy* Requests"). If the *Touhy* Requests were to be granted, the government employee would then have to locate the information, identify its level of classification, evaluate whether or not it can be released, and then—if appropriate—grant permission to do so. It is unclear whether, and to what extent, the end result of the process would be the assertion of the state secret privilege, which has long been recognized in connection with civil discovery as a means of shielding sensitive information from both parties. *Gen. Dynamics Corp. v. United States*, 131 S. Ct. 1900, 1905-07 (2011); *United States v. Reynolds*, 345 U.S. 1 (1953).

Plaintiffs respond that the number of *Touhy* Requests necessary, if any, is limited by the unclassified nature of information relevant to this case. More importantly, Plaintiffs maintain that Vectrus' position highlights mere inconvenience and expense justified by the nature and needs of the case. *See, e.g., Lehnert v. Ferris Faculty Ass'n-MEA-NEA*, 556 F. Supp. 316, 318 (W.D. Mich. 1983) (noting that "the extent of a discovery burden that a party must justifiably bear is measured by the nature, importance, and complexity of the inquiry involved in a given case.").

Vectrus, on the other hand, points to the fact that classified information has already been implicated in this case. Vectrus' pending Motion to Dismiss relies in large part on information contained in a Department of Defense document, which Vectrus believes is replete with classified and otherwise confidential or proprietary information that had to be redacted prior to

filing with the Court. (*See* Dkt. No. 7 at Ex. 2.) Vectrus predicts that this document will be the first of many documents containing classified information that must be carefully vetted as discovery in this case unfolds.

Because the parties vehemently disagree on this issue, and because Vectrus' response deadline is looming, the parties wish to discuss this matter with the Court as soon as possible.

## II. Discovery Management Moving Forward

The parties disagree about how the discovery process should be managed going forward. Vectrus is eager to work cooperatively with Plaintiffs as discovery unfolds, but is concerned that, given the complexities at hand, this case could devolve into a series of motions to compel. Therefore, Vectrus seeks active management of the case from the Court. Specifically, Vectrus suggests that the Court exercise its discretion to manage discovery by scheduling regular discovery conferences to address issues as they arise, thus avoiding expensive and unnecessary motion practice. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("[W]e have repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid 'a massive waste of judicial and private resources; and a loss of society's 'confidence in the court's ability to administer justice.'") (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998)).

Plaintiffs do not share Vectrus' expectations and submit that the parties will be able to work together throughout the discovery process without the need for continuous Court involvement. *See, e.g.,* Paul W. Grimm, Charles S. Fax, Paul Mark Sandler, <u>Discovery Problems and their Solutions</u>, p. 292 (2d. Ed. 2009) ("[D]iscovery is a party-driven process requiring efforts at cooperation between counsel before petitioning the trial court."). Indeed, "discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the

36596699v.2

parties files a motion requiring judicial intervention." *See Adams v. Magical Cruise Co.*, No. 6:15-cv-282, *2-3 (M.D. Fla. Aug. 16, 2016) (Smith, M.J.). Even recent calls for more active case management by the judiciary recognize that courts should not "be routinely making discovery decisions for the parties [because] [d]iscovery is designed to be, and remains, party-driven." *See* <u>Sedona Conference Cooperation Proclamation: Resources for the Judiciary</u>, p. 2 (December 2014). Plaintiffs suggest that the Court may schedule periodic discovery conferences if and when they prove necessary—but to do so before any discovery disputes have arisen would be premature and likely superfluous to the discovery process.

### III. Conclusion

WHEREFORE, Plaintiffs and Vectrus seek the Court's counsel regarding the issues presented on this Agenda for Preliminary Pretrial Conference: (1) discovery status; and (2) management of discovery moving forward.

Respectfully submitted this 16th day of January, 2017.

| | |
|---|---|
| WAYNE R. STANLEY, JR. and MARCEL HAWKINS | VECTRUS, INC. |
| By: */s/ John T. Nelson* | By: */s/ Alex S. Drummond* |
| John T. Nelson<br>Florida Bar No. 119309<br>jnelson@digitalbusinesslawgroup.com<br>DIGITAL BUSINESS LAW GROUP, P.A.<br>3958 Talah Drive<br>Palm Harbor, FL 34684<br>Telephone: (800) 516-7903<br>Facsimile: (800) 257-9128 | Alex S. Drummond<br>Florida Bar No. 0038307<br>adrummond@seyfarth.com<br>SEYFARTH SHAW LLP<br>1075 Peachtree Street, N.E.<br>Suite 2500<br>Atlanta, GA 30309-3958<br>Telephone: (404) 885-1500<br>Facsimile: (404) 892-7056 |
| *Attorney for Plaintiffs* | *Attorney for Defendant* |

36596699v.2